IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

                        Plaintiff,

    v.                                                         OPINION & ORDER

JOHN SCHULTZ, MATTHEW DARGA,                                16-cv-654-jdp
and URBAN LAND INTEREST,

                        Defendants.

---

JAMES EDWARD GRANT,

                        Plaintiff,

    v.                                                         OPINION & ORDER

JOHN SCHULTZ and URBAN LAND INTEREST,                      16-cv-655-jdp

                        Defendants.

---

Plaintiff James Grant, a Madison resident, has filed two proposed civil lawsuits in which he alleges that he was not allowed to use a restroom at the U.S. Bank on Pinckney Street in downtown Madison, and was later barred from entering the building. Because Grant's case-initiating documents for both of these cases are captioned as motions rather than complaints, the clerk of court should not have opened these two cases given the sanctions against Grant. *See Grant v. Gill*, No. 15-cv-420-jdp, 2016 WL 80676, at *5 (W.D. Wis. Jan. 7, 2016) ("If plaintiff is attempting to file a new action, he must explicitly state in the caption of his submission that the document is a 'complaint' or 'habeas corpus petition,' and it will have to be clear from the statements plaintiff makes in the body of the document that plaintiff is attempting to bring a brand new lawsuit."). This alone is reason enough to dismiss his cases.

But even if Grant had properly labeled his case-initiating documents as complaints, I would have to dismiss these cases because of other aspects of the court's sanctions against him. Grant is forbidden from proceeding with new cases in this court until he pays off the debt of more than $10,000 he owes for previous cases and appeals. *Id*. The only civil complaints Grant is allowed to file are ones alleging that he is in imminent danger of serious physical harm. *Id*. Grant's current complaints do not meet this standard, and now that he has been released from prison, it is difficult to imagine what type of allegations he could bring in a future lawsuit that would meet this standard. As I discussed in the previous sanctions order, any future "motions" Grant files in an attempt to open a new lawsuit will instead be placed in a miscellaneous file, with no further action to be taken on them by the court. *Id*. Grant will not owe a filing fee for these two cases.

## ORDER

IT IS ORDERED that:

1.  Plaintiff James Grant's cases are DISMISSED under the court's sanctions against him.

2.  Plaintiff James Grant will not owe a filing fee for these two cases.

Entered October 19, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge